IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01590-PAB

ARGENIS JESUS VILLALOBOS-PEREZ,

     Petitioner,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement,
GREGORY DAVIES, in his official capacity as acting ICE Field Office Director,
JUAN BALTAZAR,[1] in his official capacity as the warden of the Denver Contract Detention Facility,
TODD BLANCHE, in his official capacity as the acting United States Attorney General,
THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Argenis Jesus Villalobos-Perez's Verified Petition for Habeas Corpus [Docket No. 1].  Respondents filed a response.  Docket No. 8.

## I.  BACKGROUND[2]

Petitioner is a Venezuelan citizen.  Docket No. 1 at 9, ¶ 30.  Petitioner entered the United States in 2022 through a grant of parole.  *Id.* at 4, ¶ 1.  On or about October

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Juan Baltazar is automatically substituted as a party in this action.

[2] The following facts are taken from the habeas petition.  Docket No. 1. Respondents have not disputed any facts and do not provide any facts of their own. *See generally* Docket No. 8.

2023, the Department of Homeland Security ("DHS") initiated removal proceedings against petitioner by issuing a Notice to Appear charging him with being inadmissible under §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA").  *Id.*, at 9, ¶ 31.  On October 26, 2023, DHS released petitioner from custody pursuant to a grant of humanitarian parole under 8 U.S.C. § 1182(d)(5).  *Id.*, ¶ 32.  After his release, petitioner complied with the terms of his parole and resided in the United States.  *Id.* at 10, ¶ 33.  At some point in 2026,[3] DHS revoked petitioner's release and re-detained him without prior notice or explanation.  *Id.* at 4, 10, ¶¶ 1, 34.  Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.* at 10, ¶ 36.  Petitioner has not been provided with a bond hearing.  *Id.*, ¶ 37.

On April 14, 2026, petitioner filed a Verified Petition for Habeas Corpus.  *See generally id.*  Petitioner brings claims that his re-detention without notice and an opportunity to be heard violates his due process rights under the Fifth Amendment and that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).  *Id.* at 11-13, ¶¶ 39-59.  On April 15, 2026, Magistrate Judge N. Reid Neureiter ordered respondents to show cause as to why the petition should not be granted within three days of service.  Docket No. 5.  On April 27, 2026, respondents filed a response.  Docket No. 8.

## II.  ANALYSIS

The parties disagree as to whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  Docket No. 1 at 12-13, ¶¶ 49-59; Docket No. 8 at 2-3.  Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a).  Docket No. 1 at 12, ¶¶ 53-54.  Because he believes that § 1226 applies, petitioner

---

[3] Petitioner does not allege the exact date in 2026 that he was detained.

argues that respondents must provide him with a bond hearing. *See id.* at 13, ¶¶ 55-56. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in the United States and have not been admitted." Docket No. 8 at 3. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *Id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States and who face removal proceedings. *See, e.g., Sanchez v. Baltasar*, No. 26-cv-01036-PAB, 2026 WL 809548 (D. Colo. Mar. 24, 2026); *Cruz v. Noem*, No. 26-cv-00312-PAB-NRN, 2026 WL 766689, at *2 (D. Colo. Mar. 18, 2026); *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025). Each time, the Court has ruled that the petitioner's detention is governed by § 1226. *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." Docket No. 8 at 3-4. Respondents state that they submit an abbreviated response "to conserve resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondents' rights including the right to appeal." *Id.* at 2. Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit. *Id.* at 3 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL

2962908 (D. Colo. Oct. 17, 2025)).  "Respondents acknowledge that until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for the purposes of the Court's decision on the legal issue of whether petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  *Id*. at 3-4.  Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit.  *Id.* at 4.

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025).  Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in its past orders, which respondents acknowledge do not materially differ from the present case.  Docket No. 8 at 3-4.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).  The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[4]

---

[4] Because the Court will grant the habeas petition on the basis of the 8 U.S.C. § 1226(a) claim, it will not reach petitioner's due process claim.  *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

4

### III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Argenis Jesus Villalobos-Perez's Verified Petition for Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[5] It is further

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED April 29, 2026.

                                        BY THE COURT:

                                        s/ Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge

---

[5] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").